UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.   14-40028-TSH |
| | ) | |
| JAMES MERRILL, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**HILLMAN, D.J.**

WHEREAS, on September 8, 2016, a federal grand jury sitting in the District of

Massachusetts returned a seventeen-count First Superseding Indictment charging the Defendant,

and another, with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count

One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Nine); and Engaging in

Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18

U.S.C. §§ 1957(a) and 2 (Counts Ten through Seventeen);

WHEREAS, the First Superseding Indictment contained a Forfeiture Allegation, which

gave the Defendant notice that the United States sought forfeiture, jointly and severally, pursuant

to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and upon conviction of one or more of the

offenses charged in Counts One through Nine of the First Superseding Indictment, of any

property, real or personal, that constitutes, or is derived from, proceeds traceable to the

commission of the offenses;

WHEREAS, in addition, the First Superseding Indictment contained a Money Laundering

Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture,

jointly and severally, pursuant to 18 U.S.C. § 982(a)(1), and upon conviction of one or more of

the offenses alleged in Counts Ten through Seventeen of the First Superseding Indictment, of

any property, real or personal, involved in the offenses, and any property traceable to such

property;

WHEREAS, the First Superseding Indictment further provided that, if any directly

forfeitable property, as a result of any act or omission of the defendants, (a) cannot be located

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third

party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided

without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c) and

18 U.S.C. § 982(b)(1), both incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other

property of the defendants, up to the value of such property;

WHEREAS, on October 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules

of Criminal Procedure, the Defendant pled guilty to Counts One through Nine of the First

Superseding Indictment, pursuant to a written plea agreement signed by the Defendant on

October 24, 2016;[1]

WHEREAS, in Section 8 of the written plea agreement, the Defendant agreed to the

forfeiture of the assets listed in Exhibit A to the plea agreement;

WHEREAS, the Defendant admitted that the assets listed in Exhibit A to the plea

agreement are subject to forfeiture on the grounds that they are property, real or personal, that

constituted, or was derived from, proceeds traceable to the commission of the offenses charged

---

[1] The United States agreed to dismiss Counts Ten through Seventeen of the First Superseding
Indictment following the Court's imposition of the Defendant's sentence.

in Counts One through Nine of the First Superseding Indictment, and the Defendant consented to the entry of an order of forfeiture against such property;

WHEREAS, on March 21, 2017, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of the following additional specific property that the government intended to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 1349 and 1343:

    a)    $2,195,850 in United States currency, seized in Hudson, Massachusetts, on or about January 4, 2017; and

    b)    $17,181,834 in United States currency, seized in Westborough, Massachusetts, on or about January 4, 2017;

WHEREAS, the Defendant has consented to the forfeiture of the assets listed in Exhibit A to his plea agreement and to the assets listed in the March 21, 2017 Bill of Particulars for Forfeiture of Assets;

WHEREAS, a listing of all of these assets is attached hereto as Exhibit 1 (all assets collectively, the "Forfeitable Assets");[2]

WHEREAS, the Defendant further agrees that the Forfeitable Assets are subject to forfeiture on the grounds that they represent property, real or personal, that constituted, or was derived from, proceeds traceable to the commission of the Defendant's offenses, as charged in Counts One through Nine of the First Superseding Indictment;

---

[2] The plea agreement also listed the following property for forfeiture, which is not included in this Order because the United States did not seek forfeiture of it because the property lacks sufficient equity:   the real property located at 642 NW 22nd Road, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 24, 2013, with the Broward County Registry of Deeds, book 50013, page 393.

WHEREAS, in light of the Defendant's guilty plea and admissions in his written plea agreement, the United States has established the requisite nexus between the Forfeitable Assets and the offenses to which the Defendant pled guilty, and accordingly, the Forfeitable Assets are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Forfeitable Assets.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Forfeitable Assets and the offenses to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of the Defendant's interests in the Forfeitable Assets are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Forfeitable Assets and maintain them in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government

4

forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Forfeitable Assets.

6.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Forfeitable Assets to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeitable Assets, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Worcester, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeitable Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeitable Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeitable Assets, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Forfeitable Assets.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of

5

Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the

Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the

criminal judgment entered by this Court against him.


/s/ Timothy S. Hillman
_____
TIMOTHY S. HILLMAN
Dated:   3/22/17            United States District Judge

### Exhibit 1
### Forfeitable Assets

a.      $6,152,341.44 payable to TelexFree LLC from cashier's check number 6597301168, issued by Wells Fargo Bank on April 11, 2014;

b.      $27,855.57 payable to TelexFree LLC from cashier's check number 6597301173, issued by Wells Fargo Bank on April 11, 2014;

c.      $16,970,714.14 payable to TelexFree LLC from cashier's check number 6597301169, issued by Wells Fargo Bank on April 11, 2014;

d.      $1,968,777.06 payable to TelexFree LLC from cashier's check number 6597301166, issued by Wells Fargo Bank on April 11, 2014;

e.      $429,120.31 payable to TelexFree LLC from cashier's check number 6597301167, issued by Wells Fargo Bank on April 11, 2014;

f.      $10,398,000.00 payable to TelexFree Dominicana SRL from cashier's check number 6647301103, issued by Wells Fargo Bank on April 3, 2014;

g.      $2,000,634.76 payable to Katia B Wanzeler from cashier's check number 6597301170, issued by Wells Fargo Bank on April 11, 2014;

h.      $50.03 payable to JC Real Estate Management Co from cashier's check number 6597300418, issued by Wells Fargo Bank on April 11, 2014;

i.      $728.44 payable to JC Real Estate Management Co from cashier's check number 6597300715, issued by Wells Fargo Bank on April 11, 2014;

j.      $74.91 payable to JC Real Estate Investment Co from cashier's check number 6597300416, issued by Wells Fargo Bank on April 11, 2014;

k.      $3,798,629.63 payable to Carlos Wanzeler from cashier's check number 6647301104, issued by Wells Fargo Bank on April 3, 2014;

l.      Approximately $34,615,900 seized from i-Payout/International Payout;

m.      $4,561,874.25 seized from Pro Pay, Inc.;

n.      $10,536,667.55 seized from Base Commerce LLC;

o.      $98,419.02 seized from Bank of New England bank account number ***4031, held in the name of TelexFree LLC;

p.      $129,087.84 seized from Digital Credit Union bank account number ****7922, held in the name of Above & Beyond the Limit LLC;

1

q.      $2,487,204.68 seized from PNC Bank account number******1813, held in the name of TelexFree Financial, Inc.;

r.      $601,608.61 seized from Wells Fargo Bank account number ******3387, held in the name of TelexFree Financial, Inc.;

s.      $71,450.82 seized from Wells Fargo Bank account number ******4252, held in the name of TelexFree Financial, Inc.

t.      All funds on deposit in Infinex Financial Group account number *****6844, held in the name of TelexFree LLC;

u.      All funds on deposit in Infinex Financial Group account number *****1039, held in the name of TelexFree LLC;

v.      All funds on deposit in Massachusetts Financial Services account number ****-*******6997, held in the name of TelexFree LLC;

w.      All funds on deposit in Waddell & Reed, Inc., account number ****4903, held in the name of TelexFree LLC;

x.      All funds on deposit in Waddell & Reed account number ****1090, held in the name of James Merrill and Kristin Merrill;

y.      All funds on deposit in Waddell & Reed account number ****6892, held in the name of James Merrill and Kristin Merrill;

z.      All funds on deposit in Wells Fargo Advisors LLC account number ****3207, held in the name of Katia H. Barbosa, a/k/a Katia Wanzeler;

aa.     Approximately $1,159,847.53 payable to TelexFree from 80 cashier's checks turned over to the United States on or about May 9, 2014;

bb.     $10,314 in United States currency seized on or about April 15, 2014 from 225 Cedar Hill Street, Marlborough, Massachusetts;

cc.     $6,000 in United States currency seized on or about April 18, 2014 from 373 Howard Street, Northborough, Massachusetts;[1]

---

[1] The plea agreement mistakenly listed this asset as $6,030.  The amount actually seized was $6,000.

dd.     the real property located at 373 Howard Street, Northborough, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Deed recorded on May 1, 2013, with the Worcester District Registry of Deeds, book 50825, page 285;

ee.     the real property located at 462-464 Coburn Avenue, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on March 25, 2013, with the Worcester District Registry of Deeds, book 50634, page 321;

ff.     the real property located at 30D Mount Avenue, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on May 6, 2013, with the Worcester District Registry of Deeds, book 50845, page 304;

gg.     the real property located at 41-A Mount Avenue, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Deed recorded on October 4, 2002, with the Worcester District Registry of Deeds, book 27685, page 030;

hh.     the real property located at 63 Prospect Street, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on August 30, 2012, with the Worcester District Registry of Deeds, book 49535, page 31;

ii.     the real property located at 2321 NW 37th Avenue, Coconut Creek, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on November 3, 2003, with the Broward County Registry of Deeds, book 36354, page 498;

jj.     the real property located at 4506 San Mellina Drive, Coconut Creek, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Special Warranty Deed, recorded on December 3, 2013, with the Broward County Registry of Deeds, book 50374, page 223;

kk.     the real property located at 1097 NW 82nd Terrace, Coral Springs, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Special Warranty Deed recorded on January 6, 2014, with the Broward County Registry of Deeds, book 50454, page 1121;

ll.     the real property located at 5730 SW 36th Court, Davie, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 2, 2013, with the Broward County Registry of Deeds, book 49946, page 1800;

3

mm.    the real property located at 476 NW 3rd Avenue, Deerfield Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on February 15, 2013, with the Broward County Registry of Deeds, book 49513, page 1047;

nn.    the real property located at 1708 NW 5th Street, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on April 21, 2014, with the Broward County Registry of Deeds, book 50714, page 1351;

oo.    the real property located at 2390 NW 6th Court, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on May 7, 2013, with the Broward County Registry of Deeds, book 49768, page 1616;

pp.    the real property located at 2780 NW 6th Court, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on May 7, 2013, with the Broward County Registry of Deeds, book 49768, page 1582;

qq.    the real property located at 411 NW 12th Avenue, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on September 4, 2013, with the Broward County Registry of Deeds, book 50136, page 559;

rr.    the real property located at 524 NW 10th Street, Hallandale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on June 17, 2013, with the Broward County Registry of Deeds, book 49896, page 636;

ss.    the real property located at 2740 NE 47th Street, Lighthouse Point, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on November 6, 2012, with the Broward County Registry of Deeds, book 49222, page 1051;

tt.    the real property located at 208 SW 1st Court, Pompano Beach, Florida, including all building, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded with the Broward County Registry of Deeds on December 19, 2013, with the Broward County Registry of Deeds, book 50419, page 1817;

uu.    the real property located at 4260 NE 12th Terrace, Pompano Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on February 20, 2013, with the Broward County Registry of Deeds, book 49527, page 498;

4

vv.      the real property located at 5316 NE 14th Avenue, Pompano Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on April 16, 2013, with the Broward County Registry of Deeds, book 49701, page 1736;

ww.     the real property located at 167 NW 38th Street, Miami, Florida, including all buildings appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 25, 2013, with the Miami-Dade County Registry of Deeds, book 28740, page 985;

xx.      the real property located at 175 NW 38th Street, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 25, 2013, with the Miami-Dade County Registry of Deeds, book 28740, page 985;

yy.      the real property located at 249 NE 55th Terrace, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on May 9, 2013, with the Miami-Dade County Registry of Deeds, book 28621, page 4166;

zz.      the real property located at 231 NW 57th Street, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on March 28, 2013, with the Miami-Dade County Registry of Deeds, book 28552, page 4250;

aaa.    the real property located at 1553 NE 152nd Street, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on February 7, 2013, with the Miami-Dade County Registry of Deeds, book 28479, page 1010;

bbb.    the real property located at 900 38th Street, West Palm Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on March 6, 2013, with the Palm Beach County Registry of Deeds, book 25846, page 331;

ccc.    all right, title and interest in a Note and Mortgage held by Acceris Realty Estate LLC in the amount of $284,214.66 secured by the real property located at 240 Union Street, Ashland, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on June 24, 2013 with the Southern Middlesex Registry of Deeds, book 62309, page 56.  The Mortgage was recorded with the Southern Middlesex Registry of Deeds on June 24, 2013, book 62309, page 56, including all funds received by the United States toward payment on such Note and Mortgage;

5

ddd.     all right, title and interest in a Note and Mortgage held by Acceris Realty Estate
         LLC in the amount of $193,000 secured by the real property located at 216 West
         Union Street, Ashland, Massachusetts, including all buildings, appurtenances, and
         improvements thereon, more fully described in a Quitclaim Deed recorded on
         December 13, 2013 with the Southern Middlesex Registry of Deeds, book 63057,
         page 122.  The Mortgage was recorded with the Southern Middlesex Registry of
         Deeds on December 13, 2013, book 63057, page 126, including all funds received
         by the United States toward payment on such Note and Mortgage;

eee.     all right, title and interest in a Note and Mortgage held by Above & Beyond the
         Limit, LLC in the amount of $308,750 secured by the real property located at
         3460 Greenview Terrace, Margate, Florida, including all buildings,
         appurtenances, and improvements thereon, more fully described in a Warranty
         Deed recorded on December 9, 2013 with the Broward County Registry of Deeds,
         book 50390, page 774.  The Mortgage was recorded with the Broward County
         Registry of Deeds, book 50390, page 776, including all funds received by the
         United States toward payment on such Note and Mortgage;

fff.     one 2014 BMW X6 bearing vehicle identification number
         5UXFG2C53E0C43173 and Massachusetts registration 312HL4;

ggg.     one 2013 BMW X5 bearing vehicle identification number
         5UXZV4C59D0E13307 and Massachusetts registration 918VS4;

hhh.     one 2013 BMW Z4 bearing vehicle identification number
         WBALL5C53DJ103886 and Massachusetts registration 376VK8;

iii.     one 2009 Ferrari 430 bearing vehicle identification number FFEW59A290167021
         and Florida registration CAML43;

jjj.     one 2013 Porsche Boxster bearing vehicle identification number
         WP0CA2A80DK112074 and Massachusetts registration 626RJ2;

kkk.     one 2013 Toyota Highlander bearing vehicle identification number
         JTEDC3EH3D2013050 and Massachusetts registration 3WYE70;

lll.     one 2007 Sea Ray 40 Motor Yacht, bearing hull number SERP7118K607;

mmm.     one 2003 Maxum boat, bearing hull number MXYA46MVD303;

nnn.     all funds on deposit in Loyal Bank (located in St. Vincent and the Grenadines)
         account number ***********2840 held in the name of Carlos Wanzeler;

ooo.     All funds on deposit in Overseas Chinese Bank Corporation Account Number
         ********2001 held in the name of Carlos Wanzeler;

6

ppp.    real property described as Units 101, 102, 103, 201, 202, 301, 302, 303, 304 and 402 of the Beverly Condominiums located at 900 NW 45th Street, Pompano Beach, FL 33064-1162;

qqq.    $250,149.77 seized from Banterra Bank account number ****5519 held in the name of Craft Trust Services LLC;

rrr.    $22,840.33 seized from Banterra Bank account number 40025454, held in the name of Craft Financial Solutions LLC;

sss.    the real property located at 59 Pleasant Street, Clinton, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on May 6, 2013, with the Worcester District Registry of Deeds, book 50845, page 301;

ttt.    the real property located at 149 Barnard Road, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on May 6, 2013, with the Worcester District Registry of Deeds, book 50845, page 303;

uuu.    the real property described as Lot 271, Trails at Canyon – Plat Four, according to the plat thereof, as recorded in Plat Book 115, at Page 1, of the public records of Palm Beach County, Florida, more fully described in a Warranty Deed recorded on February 27, 2014, with the Palm Beach County Registry of Deeds, Book 26635, Page 1345;

vvv.    all funds on deposit in PNC account **-****-3623 held in the name of Carlos Wanzeler;

www.    $2,195,850 in United States currency, seized in Hudson, Massachusetts, on or about January 4, 2017; and

xxx.    $17,181,834 in United States currency, seized in Westborough, Massachusetts, on or about January 4, 2017.

7