UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-40028-TSH |
| ) | |
| JAMES MATTHEW MERRILL, ) | |
|     Defendant ) | |

## RESTITUTION ORDER

The Court orders restitution as follows:

1. Defendant James Matthew Merrill was convicted on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and eight counts of wire fraud in violation of 18 U.S.C. § 1343. The fraud losses from the criminal activity underlying these convictions stem from the operation of a pyramid scheme through a business known as TelexFree.

2. As detailed below, this restitution order provides for administration and payment of restitution to victims by the Trustee in the related Chapter 11 cases for the TelexFree entities listed below.

3. Chapter 11 bankruptcy cases are pending before the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") for the following three TelexFree entities ("TelexFree"), which cases are being jointly administered:

- TelexFree LLC (Docket No. 14-40987 MSH);
- TelexFree, Inc. (Docket No. 14-40988 MSH); and
- TelexFree Financial Inc. (Docket No. 14-40989 MSH)

(collectively, the "Bankruptcy Case").

4. On May 30, 2014, the Bankruptcy Court allowed the motion by the Office of the United States Trustee to appoint a Chapter 11 trustee for TelexFree in the Bankruptcy Case, and Stephen Darr was appointed trustee on June 6, 2014 (the "Trustee").[1]

5. Through the Bankruptcy Case, with the authorization of the Bankruptcy Court, the Trustee will distribute the assets of the TelexFree bankruptcy estates to their creditors, including victims of the fraud charged in this criminal action.

6. This restitution order provides for restitution to victims in coordination with the Bankruptcy Case to avoid duplication of effort and inconsistent findings, reduce administration costs, conserve judicial resources, and enable better global accounting of funds received by victims of the fraud.

7. Restitution shall be paid by the Trustee to an identifiable and identified universe of victims, defined as those who:

    a. Submitted a claim in the Bankruptcy Case through the electronic portal established to receive such claims, by the Bankruptcy Case bar date of March 15, 2017;[2] and

---

[1] The United States has consulted with the Trustee regarding the terms of this Order and the Trustee agrees with the terms contained herein.

[2] In the Bankruptcy Case, notices regarding the process for submission of claims were sent to all known potential fraud victims, including potential fraud victims who made submissions to the FBI, as follows:

  (i) By electronic mail to potential fraud victims based upon available electronic mail addresses;

  (ii) By regular mail, or international equivalent, to potential fraud victims who filed proofs of claim with the Bankruptcy Court or with the Trustee's claims agent Kurtzman Carson Consultants or a victim notification form with the FBI, on or before September 30, 2015 and that did not provide an electronic mail address;

  (iii) By public notice on the Portal and the Kurtzman Carson Consultants website;

  (iv) Through multi-level marketing websites and radio and television advertisements.

Potential fraud victims had more than a year to submit a claim in the Bankruptcy Case. The Trustee advises that approximately 130,000 proofs of claim were filed prior to the March 15,

        b.      were "net losers" in the fraud scheme, as determined through the claims process of the Bankruptcy Court and in accordance with the Bankruptcy Court order dated January 26, 2016, which adopted the following basis for allowance of fraud victim claims:

              i.      "the claim amounts of [fraud victims] shall be determined on a net equity basis, which shall be defined as follows: the amount invested by the [fraud victim] into the [TelexFree] scheme, including amounts paid pursuant to Triangular Transactions, less amounts received by the [fraud victim] from [TelexFree's] scheme, including amounts received pursuant to Triangular Transactions."[3]; and

        c.      have had their claims allowed in the Bankruptcy Case.

8. Victims for this restitution order and payment of restitution shall be limited to those who meet the definition above and shall not include other general secured or unsecured creditors of the Bankruptcy Case debtors.

9. The loss of each victim shall be the net loss as determined in the Bankruptcy Case by the Bankruptcy Court, which loss amounts shall provide the basis for determining each victim's percentage of the total loss.

10. Although the Clerk's Office of the United States District Court for the District of Massachusetts (the "Clerk's Office") generally administers and pays restitution to victims in criminal cases, the volume and complexity of restitution payments in this case make administration by the Clerk's Office impractical. Accordingly, for that reason and the other reasons outlined in this Order, payment of restitution shall be administered and paid by the Trustee.

---

2017 bar date. The Trustee also advises that the current estimate of the aggregate amount of allowed fraud victim claims is between $500 million and $700 million.

[3] The term Triangular Transactions was defined by the Bankruptcy Court as transactions whereby a recruiting [fraud victim] redeemed his/her accumulated credits to pay the membership plan invoice of a recruited [fraud victim] in exchange for payment of the TelexFree membership fee by the recruited [fraud victim] to the recruiting [fraud victim].

11. Funds available for restitution shall be paid to the Clerk's Office in the first instance, which shall then transfer the restitution funds to the Trustee, or if the Clerk's Office so authorizes, funds may be paid directly to the Trustee, subject to any reporting or other documentation requested by the Clerk's Office.

12. The Trustee shall make payments to victims on a *pro rata* basis from the funds he receives for restitution pursuant to this criminal case and cannot offset any administration costs or other expenses using restitution payments received from this criminal case.

13. The Trustee shall make payments of restitution funds from this criminal case to victims in accordance with the holdings and orders in the Bankruptcy Case and consistent with the terms of this Order, which can include avoiding certain loss payments to victims if the amount of loss, or the *pro rata* payment, is too small to justify the expense of making the payment.

14. The Trustee shall provide reports to the Clerk's Office and the United States detailing all restitution payments made to victims and any remaining outstanding loss.

15. Defendant James Matthew Merrill is not ordered, herein, to make installment payments toward restitution either during or after his incarceration because administration of small monthly payments to the large universe of victims is impractical. The United States, however, retains all rights under the Federal Debt Collection Procedure, 28 U.S.C. 3001, *et seq.* to satisfy the amount of victim losses.

/s/ Timothy S. Hillman
_____
TIMOTHY S. HILLMAN
United States District Court Judge

Dated:  7/11/17