UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CARLOS NATANIEL WANZELER; )<br>and JAMES MATTHEW MERRILL, )<br>    Defendants. ) | Criminal No. 14-40028-TSH |

ANSWER & INNOCENT OWNER CLAIM & DEMAND FOR JURY TRIAL

NOW COMES Respondent, Fabio Wanzeler, through counsel and submits the following Answer AND Innocent Owner Claim:

1. The Respondent, Fabio Wanzeler (hereinafter, "Fabio" or "Mr. Wanzeler"), is the owner of property which was named in and subject to the United States' Motion for Post-Indictment Restraining Order (Document 322) filed in the above-captioned matter on December 7, 2016.

2. Mr. Wanzeler was not a subject of the criminal complaint nor named as an unindicted conspirator.

3. The government's motion purports to seek broad relief against all individuals – whether culpable of any misconduct or not – who might be in possession or control of named property without prior approval.

4. The two parcels of property at interest in this matter are:

    (a)     4506 San Mellina Dr., Coconut Creek, FL 33073;

    (b)     10556 Cape Delabra Ct., Boynton Beach, FL 33473.

5. Mr. Wanzeler acquired the property through income he received as a partner in two telecommunications businesses with defendant Carlos Wanzeler. The businesses were Common Cent's Communication and Diskavontade. These businesses are distinguishable from TelexFree which was identified as a Ponzi scheme in the criminal complaint.

6. Mr. Wanzeler worked with his brother Carlos as a partner from approximately 2000 until 2010 with almost no compensation. On May 24, 2010 Mr. Wanzeler and his brother resolved the outstanding compensation issues and agreed that Mr. Wanzeler would receive between $10.00 and $15.00 for each client that he had brought into the business. Mr. Wanzeler received the agreed-upon compensation in 2012 and 2013 and subsequently purchased the property in question.

7. The property at interest in this matter identified in paragraph 4 are not forfeitable property.

8. The Supreme Court recently stated that "[p]retrial restraints on forfeitable property are permitted only when the Government proves, at a hearing, that (1) the defendant has committed an offense triggering forfeiture, and (2) 'the property at issue has the requisite connection to that crime.'" *Honeycutt v. United States*, ___ U.S. ___ (June 5, 2017), *quoting*, *Kaley v. United States*, 571 U.S. ___, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014).

WHEREFORE, Mr. Wanzeler respectfully asserts that he is the rightful owner of the subject property, denies the allegations of the government and

requests that this court deny the government's motion for post-indictment restraining order and deny forfeiture of the subject properties.

The claimant demands trial by jury in this matter.

Respectfully submitted,

Fabio Wanzeler
By his attorney,
/s/ Geoffrey G. Nathan
B.B.O. #552110
132 Boylston St., 5th Floor
Boston, MA 02116
Tel: (617) 472-5775

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 2/04/17

/s/ Geoffrey Nathan