UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.   14-40028-TSH |
| | ) | |
| JAMES MERRILL, | ) | |
| Defendant. | ) | |

**ORDER TO APPLY CERTAIN ASSETS TO RESTITUTION**

**HILLMAN, D.J.**

WHEREAS, on September 8, 2016, a federal grand jury sitting in the District of

Massachusetts returned a seventeen-count First Superseding Indictment charging James Merrill

(the "Defendant"), and another, with Conspiracy to Commit Wire Fraud, in violation of 18

U.S.C. § 1349 (Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through

Nine); and Engaging in Monetary Transactions in Property Derived from Specified Unlawful

Activity, in violation of 18 U.S.C. §§ 1957(a) and 2 (Counts Ten through Seventeen);

WHEREAS, the First Superseding Indictment contained a Forfeiture Allegation, which

gave the Defendant notice that the United States sought forfeiture, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses charged in

Counts One through Nine of the First Superseding Indictment, of any property, real or personal,

that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, in addition, the First Superseding Indictment contained a Money Laundering

Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture,

pursuant to 18 U.S.C. § 982(a)(1), upon conviction of one or more of the offenses alleged in

Counts Ten through Seventeen of the First Superseding Indictment, of any property, real or

personal, involved in the offenses, and any property traceable to such property;

WHEREAS, the First Superseding Indictment further provided that, if any directly forfeitable property, as a result of any act or omission of the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), both incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of such property;

WHEREAS, on October 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Nine of the First Superseding Indictment, pursuant to a written plea agreement signed by the Defendant on October 24, 2016;[1]

WHEREAS, in Section 8 of the written plea agreement, the Defendant agreed to the forfeiture of the assets listed in Exhibit A to the plea agreement;

WHEREAS, in addition, the Defendant admitted that the assets listed in Exhibit A to the plea agreement are subject to forfeiture on the grounds that they are property, real or personal, that constituted, or were derived from, proceeds traceable to the commission of the offenses charged in Counts One through Nine of the First Superseding Indictment, and the Defendant consented to the entry of an order of forfeiture against such property;

WHEREAS, on March 21, 2017, the United States filed a Bill of Particulars for

---

[1] The United States agreed to dismiss Counts Ten through Seventeen of the First Superseding Indictment following the Court's imposition of the Defendant's sentence.

Forfeiture of Assets, providing notice of the following additional specific property that the government intended to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 1349 and 1343:

a) $2,195,850 in United States currency, seized in Hudson, Massachusetts, on or about January 4, 2017; and

b) $17,181,834 in United States currency, seized in Westborough, Massachusetts, on or about January 4, 2017;

WHEREAS, also on March 21, 2017, the United States filed an Assented-To Motion for Preliminary Order of Forfeiture seeking forfeiture of the assets listed in Exhibit A to Defendant's plea agreement and to the assets listed in the March 21, 2017 Bill of Particulars for Forfeiture of Assets which this Court granted on March 22, 2017 (all assets listed in the Preliminary Order of Forfeiture collectively, the "Forfeitable Assets");[2]

WHEREAS, on March 22, 2017, the Court sentenced the Defendant to 72 months imprisonment and three years supervised release;

WHEREAS, on July 11, 2017, the Court entered a Restitution Order against the Defendant, which provided that based upon the complexity and volume of restitution payments to victims in this case, the Trustee in the related Chapter 11 cases for the TelexFree entities shall administer and pay restitution to victims;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties

---

[2] The plea agreement also listed the following property for forfeiture, which was not included in the Motion for Preliminary Order of Forfeiture, and subsequent forfeiture order, because the property lacked sufficient equity:   the real property located at 642 NW 22nd Road, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 24, 2013, with the Broward County Registry of Deeds, book 50013, page 393.

and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on May 16, 2017, and ending on June 14, 2017, and also beginning on June 16, 2017, and ending on July 15, 2017;

WHEREAS, on July 25, 2017, Fabio Wanzler filed verified claims asserting an interest in two real properties named in the Preliminary Order of Forfeiture;

WHEREAS, on September 15, 2017, Priscila Costa filed a verified claim asserting an interest in certain real property named in the Preliminary Order of Forfeiture;

WHEREAS, no other claims of interest in the Forfeitable Assets have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired;

WHEREAS, no claims of interest were filed as to the assets listed below, for which the United States requests that the Court permit the United States to deliver these assets, directly to the Clerk of Court or to the Trustee in the related Chapter 11 cases (as instructed by the Clerk of Court after consultation by the United States) as partial payment of restitution;[3]

a. $6,152,341.44 payable to TelexFree LLC from cashier's check number 6597301168, issued by Wells Fargo Bank on April 11, 2014;

b. $27,855.57 payable to TelexFree LLC from cashier's check number 6597301173, issued by Wells Fargo Bank on April 11, 2014;

c. $16,970,714.14 payable to TelexFree LLC from cashier's check number 6597301169, issued by Wells Fargo Bank on April 11, 2014;

d. $1,968,777.06 payable to TelexFree LLC from cashier's check number 6597301166, issued by Wells Fargo Bank on April 11, 2014;

---

[3] The United States has filed a Motion for Partial Final Order of Forfeiture, and proposed Order, on this day for those assets for which the United States seeks entry of a Final Order of Forfeiture, which would authorize their sale and liquidation, after which the United States would request restoration approval from the Department of Justice for the net sale proceeds.

e.     $429,120.31 payable to TelexFree LLC from cashier's check number 6597301167, issued by Wells Fargo Bank on April 11, 2014;

f.     $10,398,000.00 payable to TelexFree Dominicana SRL from cashier's check number 6647301103, issued by Wells Fargo Bank on April 3, 2014;

g.     $2,000,634.76 payable to Katia B Wanzeler from cashier's check number 6597301170, issued by Wells Fargo Bank on April 11, 2014;

h.     $50.03 payable to JC Real Estate Management Co from cashier's check number 6597300418, issued by Wells Fargo Bank on April 11, 2014;

i.     $728.44 payable to JC Real Estate Management Co from cashier's check number 6597300715, issued by Wells Fargo Bank on April 11, 2014;

j.     $74.91 payable to JC Real Estate Investment Co from cashier's check number 6597300416, issued by Wells Fargo Bank on April 11, 2014;

k.     Approximately $34,615,900 seized from i-Payout/International Payout;

l.     $4,561,874.25 seized from Pro Pay, Inc.;

m.     $10,536,667.55 seized from Base Commerce LLC;

n.     $98,419.02 seized from Bank of New England bank account number ***4031, held in the name of TelexFree LLC;

o.     $129,087.84 seized from Digital Credit Union bank account number ****7922, held in the name of Above & Beyond the Limit LLC;

p.     $2,487,204.68 seized from PNC Bank account number******1813, held in the name of TelexFree Financial, Inc.;

q.     $601,608.61 seized from Wells Fargo Bank account number ******3387, held in the name of TelexFree Financial, Inc.;

r.     $71,450.82 seized from Wells Fargo Bank account number ******4252, held in the name of TelexFree Financial, Inc.

s.     All funds on deposit in Infinex Financial Group account number *****6844, held in the name of TelexFree LLC;

t.     All funds on deposit in Infinex Financial Group account number *****1039, held in the name of TelexFree LLC;

u.     All funds on deposit in Massachusetts Financial Services account number ****-

*******6997, held in the name of TelexFree LLC;

v.  All funds on deposit in Waddell & Reed, Inc., account number ****4903, held in the name of TelexFree LLC;

w.  All funds on deposit in Waddell & Reed account number ****1090, held in the name of James Merrill and Kristin Merrill;

x.  All funds on deposit in Waddell & Reed account number ****6892, held in the name of James Merrill and Kristin Merrill;

y.  All funds on deposit in Wells Fargo Advisors LLC account number ****3207, held in the name of Katia H. Barbosa, a/k/a Katia Wanzeler;

z.  Approximately $1,159,847.53 payable to TelexFree from 80 cashier's checks turned over to the United States on or about May 9, 2014;

aa.  $10,314 in United States currency seized on or about April 15, 2014 from 225 Cedar Hill Street, Marlborough, Massachusetts;

bb.  $6,000 in United States currency seized on or about April 18, 2014 from 373 Howard Street, Northborough, Massachusetts;

cc.  one 2014 BMW X6 bearing vehicle identification number 5UXFG2C53E0C43173 and Massachusetts registration 312HL4 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

dd.  one 2013 BMW X5 bearing vehicle identification number 5UXZV4C59D0E13307 and Massachusetts registration 918VS4 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

ee.  one 2013 BMW Z4 bearing vehicle identification number WBALL5C53DJ103886 and Massachusetts registration 376VK8 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

ff.  one 2009 Ferrari 430 bearing vehicle identification number FFEW59A290167021 and Florida registration CAML43 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

gg.  one 2013 Porsche Boxster bearing vehicle identification number WP0CA2A80DK112074 and Massachusetts registration 626RJ2 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of

6

net sales proceeds toward restitution. *See* Docket No. 380.);

hh.     one 2013 Toyota Highlander bearing vehicle identification number JTEDC3EH3D2013050 and Massachusetts registration 3WYE70 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

ii.     one 2007 Sea Ray 40 Motor Yacht, bearing hull number SERP7118K607 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

jj.     one 2003 Maxum boat, bearing hull number MXYA46MVD303 (Court entered interlocutory sale order on November 2, 2017, accordingly, requesting payment of net sales proceeds toward restitution. *See* Docket No. 380.);

kk.     $250,149.77 seized from Banterra Bank account number ****5519 held in the name of Craft Trust Services LLC;

ll.     $22,840.33 seized from Banterra Bank account number 40025454, held in the name of Craft Financial Solutions LLC;

mm.     all funds on deposit in PNC account **-****-3623 held in the name of Carlos Wanzeler;

nn.     $2,195,850 in United States currency, seized in Hudson, Massachusetts, on or about January 4, 2017; and

oo.     $17,181,834 in United States currency, seized in Westborough, Massachusetts, on or about January 4, 2017.

(hereinafter referred to as the "Liquid Restitution Assets")

WHEREAS, authorization of payment of the Liquid Restitution Assets to the Clerk, or Trustee (as instructed by the Clerk), is appropriate;

WHEREAS, in its Preliminary Order of Forfeiture, the Court retained jurisdiction for the purpose of enforcing the Order and permitting amendments to it;

WHEREAS, the Liquid Restitution Assets presently belong to the United States, and no third parties have made a claim to the Liquid Restitution Assets and, accordingly, any rights of any hypothetical future claimant to any of the Liquid Restitution Assets were defaulted; and

7

WHEREAS, the Defendant's interests in the Liquid Restitution Assets were forfeited to the United States by virtue of the Preliminary Order of Forfeiture, and accordingly, the requested relief will not prejudice any party, and will serve the interests of justice by partially satisfying the outstanding restitution in this case.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      The United States' Motion to Apply Certain Assets to Restitution is allowed.

2.      All other parties having any right, title or interest in the Liquid Restitution Assets as defined herein are hereby held in default.

3.      The United States is hereby authorized to take custody of the Liquid Restitution Assets (if not currently in the custody of the United States) and turn over the Liquid Restitution Assets to the Clerk of Court, or the Trustee (as defined in the Restitution Order), as so directed by the Clerk of Court after consultation by the United States, so that the funds may be applied toward restitution consistent with the terms of this Court's Restitution Order.

4.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

/s/ Timothy S. Hillman

TIMOTHY S. HILLMAN
United States District Judge

Dated:      6/14/18