UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  14-40028-TSH |
| | ) | |
| JAMES MERRILL, | ) | |
| Defendant. | ) | |

**PARTIAL FINAL ORDER OF FORFEITURE**

**HILLMAN, D.J.**

WHEREAS, on September 8, 2016, a federal grand jury sitting in the District of

Massachusetts returned a seventeen-count First Superseding Indictment charging James Merrill

(the "Defendant"), and another, with Conspiracy to Commit Wire Fraud, in violation of 18

U.S.C. § 1349 (Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through

Nine); and Engaging in Monetary Transactions in Property Derived from Specified Unlawful

Activity, in violation of 18 U.S.C. §§ 1957(a) and 2 (Counts Ten through Seventeen);

WHEREAS, the First Superseding Indictment contained a Forfeiture Allegation, which

gave the Defendant notice that the United States sought forfeiture, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses charged in

Counts One through Nine of the First Superseding Indictment, of any property, real or personal,

that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, in addition, the First Superseding Indictment contained a Money Laundering

Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture,

pursuant to 18 U.S.C. § 982(a)(1), upon conviction of one or more of the offenses alleged in

Counts Ten through Seventeen of the First Superseding Indictment, of any property, real or

personal, involved in the offenses, and any property traceable to such property;

WHEREAS, the First Superseding Indictment further provided that, if any directly forfeitable property, as a result of any act or omission of the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), both incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of such property;

WHEREAS, on October 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Nine of the First Superseding Indictment, pursuant to a written plea agreement signed by the Defendant on October 24, 2016;[1]

WHEREAS, in Section 8 of the written plea agreement, the Defendant agreed to the forfeiture of the assets listed in Exhibit A to the plea agreement;

WHEREAS, in addition, the Defendant admitted that the assets listed in Exhibit A to the plea agreement are subject to forfeiture on the grounds that they are property, real or personal, that constituted, or were derived from, proceeds traceable to the commission of the offenses charged in Counts One through Nine of the First Superseding Indictment, and the Defendant consented to the entry of an order of forfeiture against such property;

WHEREAS, on March 21, 2017, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of the following additional specific property that the

---

[1] The United States agreed to dismiss Counts Ten through Seventeen of the First Superseding Indictment following the Court's imposition of the Defendant's sentence.

government intended to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as

a result of violations of 18 U.S.C. §§ 1349 and 1343:

a) $2,195,850 in United States currency, seized in Hudson, Massachusetts, on or about January 4, 2017; and

b) $17,181,834 in United States currency, seized in Westborough, Massachusetts, on or about January 4, 2017;

WHEREAS, also on March 21, 2017, the United States filed an Assented-To Motion for

Preliminary Order of Forfeiture seeking forfeiture of the assets listed in Exhibit A to Defendant's

plea agreement and to the assets listed in the March 21, 2017 Bill of Particulars for Forfeiture of

Assets, which this Court granted on March 22, 2017 (all assets listed in the Preliminary Order of

Forfeiture collectively, the "Forfeitable Assets");[2]

WHEREAS, on March 22, 2017, the Court sentenced the Defendant to 72 months

imprisonment and three years supervised release;

WHEREAS, on July 11, 2017, the Court entered a Restitution Order against the Defendant,

which provided that based upon the complexity and volume of restitution payments to victims in

this case, the Trustee in the related Chapter 11 cases for the TelexFree entities shall administer and

pay restitution to victims;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties

and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar

days, beginning on May 16, 2017, and ending on June 14, 2017, and also beginning on June 16,

---

[2] The plea agreement also listed the following property for forfeiture, which was not included in the Motion for Preliminary Order of Forfeiture, and subsequent forfeiture order, because the property lacked sufficient equity: the real property located at 642 NW 22nd Road, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 24, 2013, with the Broward County Registry of Deeds, book 50013, page 393.

2017, and ending on July 15, 2017;

WHEREAS, on July 25, 2017, Fabio Wanzler filed verified claims asserting an interest in two real properties named in the Preliminary Order of Forfeiture;

WHEREAS, on September 15, 2017, Priscila Costa filed a verified claim asserting an interest in certain real property named in the Preliminary Order of Forfeiture;

WHEREAS, no other claims of interest in the Forfeitable Assets have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired;

WHEREAS, many of the Forfeitable Assets are liquid and as to those assets the United States has this day filed a Motion to Apply Certain Assets to Restitution, requesting that this Court permit the United States to deliver these liquid assets directly to the Clerk of Court or to the Trustee in the related Chapter 11 cases (as instructed by the Clerk of Court after consultation by the United States) as partial payment of restitution;

WHEREAS, as to other non-liquid assets named in the Preliminary Order of Forfeiture, they fall into one of three categories:  (1) assets for which the United States seeks entry of a Final Order of Forfeiture, which would authorize their sale and liquidation, after which the United States would request restoration approval from the Department of Justice for the net sale proceeds; (2) contested assets for which a claim has been filed; and (3) assets for which the United States does not seek forfeiture;

WHEREAS, for the assets for which the United States does not seek forfeiture, the United States filed a Motion to Modify Restraining Order and, as necessary, a Motion to Release *Lis Pendens* for the following two assets, which were listed in Exhibit A to Defendant's plea agreement and included in the Preliminary Order of Forfeiture:

a.  the real property located at 41-A Mount Avenue, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Deed recorded on October 4, 2002, with the Worcester District Registry of Deeds, book 27685, page 030 (the "41-A Mount Avenue Property"); and

b.  the real property located at 2321 NW 37th Avenue, Coconut Creek, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on November 3, 2003, with the Broward County Registry of Deeds, book 36354, page 498 (the "Coconut Creek Property");

WHEREAS, the following are the assets for which the United States seeks entry of a Final Order of Forfeiture (and are referenced collectively as the "Forfeited Properties"), and for which no claims of interest were filed:

a.  $3,798,629.63 payable to Carlos Wanzeler from cashier's check number 6647301104, issued by Wells Fargo Bank on April 3, 2014;

b.  the real property located at 373 Howard Street, Northborough, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Deed recorded on May 1, 2013, with the Worcester District Registry of Deeds, book 50825, page 285;

c.  the real property located at 462-464 Coburn Avenue, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on March 25, 2013, with the Worcester District Registry of Deeds, book 50634, page 321;

d.  the real property located at 30D Mount Avenue, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on May 6, 2013, with the Worcester District Registry of Deeds, book 50845, page 304;

e.  the real property located at 63 Prospect Street, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on August 30, 2012, with the Worcester District Registry of Deeds, book 49535, page 31;

f.  the real property located at 1097 NW 82nd Terrace, Coral Springs, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Special Warranty Deed recorded on January 6, 2014, with the Broward County Registry of Deeds, book 50454, page 1121;

g.      the real property located at 5730 SW 36th Court, Davie, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 2, 2013, with the Broward County Registry of Deeds, book 49946, page 1800;

h.      the real property located at 476 NW 3rd Avenue, Deerfield Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on February 15, 2013, with the Broward County Registry of Deeds, book 49513, page 1047;

i.      the real property located at 1708 NW 5th Street, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on April 21, 2014, with the Broward County Registry of Deeds, book 50714, page 1351;

j.      the real property located at 2390 NW 6th Court, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on May 7, 2013, with the Broward County Registry of Deeds, book 49768, page 1616;

k.      the real property located at 2780 NW 6th Court, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on May 7, 2013, with the Broward County Registry of Deeds, book 49768, page 1582;

l.      the real property located at 411 NW 12th Avenue, Fort Lauderdale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on September 4, 2013, with the Broward County Registry of Deeds, book 50136, page 559;

m.      the real property located at 524 NW 10th Street, Hallandale, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on June 17, 2013, with the Broward County Registry of Deeds, book 49896, page 636;

n.      the real property located at 2740 NE 47th Street, Lighthouse Point, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on November 6, 2012, with the Broward County Registry of Deeds, book 49222, page 1051;

o.      the real property located at 208 SW 1st Court, Pompano Beach, Florida, including all building, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded with the Broward County Registry of Deeds on December 19, 2013, with the Broward County Registry of Deeds, book 50419, page 1817;

p.      the real property located at 4260 NE 12th Terrace, Pompano Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on February 20, 2013, with the Broward County Registry of Deeds, book 49527, page 498;

q.      the real property located at 5316 NE 14th Avenue, Pompano Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on April 16, 2013, with the Broward County Registry of Deeds, book 49701, page 1736;

r.      the real property located at 167 NW 38th Street, Miami, Florida, including all buildings appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 25, 2013, with the Miami-Dade County Registry of Deeds, book 28740, page 985;

s.      the real property located at 175 NW 38th Street, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on July 25, 2013, with the Miami-Dade County Registry of Deeds, book 28740, page 985;

t.      the real property located at 249 NE 55th Terrace, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on May 9, 2013, with the Miami-Dade County Registry of Deeds, book 28621, page 4166;

u.      the real property located at 231 NW 57th Street, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on March 28, 2013, with the Miami-Dade County Registry of Deeds, book 28552, page 4250;

v.      the real property located at 1553 NE 152nd Street, Miami, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on February 7, 2013, with the Miami-Dade County Registry of Deeds, book 28479, page 1010;

w.      the real property located at 900 38th Street, West Palm Beach, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on March 6, 2013, with the Palm Beach County Registry of Deeds, book 25846, page 331;

x.      all right, title and interest in a Note and Mortgage held by Acceris Realty Estate LLC in the amount of $284,214.66 secured by the real property located at 240 Union Street, Ashland, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on June 24, 2013 with the Southern Middlesex Registry of Deeds, book 62309, page 56.  The Mortgage was recorded with the Southern Middlesex Registry of Deeds

on June 24, 2013, book 62309, page 56, including all funds received by the United States toward payment on such Note and Mortgage;

y.     all right, title and interest in a Note and Mortgage held by Acceris Realty Estate LLC in the amount of $193,000 secured by the real property located at 216 West Union Street, Ashland, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on December 13, 2013 with the Southern Middlesex Registry of Deeds, book 63057, page 122. The Mortgage was recorded with the Southern Middlesex Registry of Deeds on December 13, 2013, book 63057, page 126, including all funds received by the United States toward payment on such Note and Mortgage;

z.     all right, title and interest in a Note and Mortgage held by Above & Beyond the Limit, LLC in the amount of $308,750 secured by the real property located at 3460 Greenview Terrace, Margate, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded on December 9, 2013 with the Broward County Registry of Deeds, book 50390, page 774. The Mortgage was recorded with the Broward County Registry of Deeds, book 50390, page 776, including all funds received by the United States toward payment on such Note and Mortgage;

aa.     all funds on deposit in Loyal Bank (located in St. Vincent and the Grenadines) account number **********2840 held in the name of Carlos Wanzeler;

bb.     All funds on deposit in Overseas Chinese Bank Corporation Account Number ********2001 held in the name of Carlos Wanzeler;

cc.     the real property located at 59 Pleasant Street, Clinton, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on May 6, 2013, with the Worcester District Registry of Deeds, book 50845, page 301; and

dd.     the real property located at 149 Barnard Road, Worcester, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded on May 6, 2013, with the Worcester District Registry of Deeds, book 50845, page 303.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     The United States' Motion for Partial Final Order of Forfeiture is allowed.

2.     The United States of America is now entitled to the forfeiture of all right, title or interest in the Forfeited Properties, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules

of Criminal Procedure.

3.      All other parties having any right, title or interest in the Forfeited Properties are

hereby held in default.

4.      The United States Department of Homeland Security is hereby authorized to take

custody of and dispose of the Forfeited Properties in accordance with applicable law, which can

include disposal by third-parties so authorized by the United States, including but not limited to

the Trustee of the related bankruptcy proceedings (as defined in this Court's Restitution Order

against James Merrill).

5.      The Preliminary Order of Forfeiture is amended such that the following two real

properties are no longer subject to forfeiture in this case, and are released to their respective

owners:

   a.   the real property located at 41-A Mount Avenue, Worcester, Massachusetts,
        including all buildings, appurtenances, and improvements thereon, more fully
        described in a Deed recorded on October 4, 2002, with the Worcester District
        Registry of Deeds, book 27685, page 030 (the "41-A Mount Avenue Property");
        and

   b.   the real property located at 2321 NW 37th Avenue, Coconut Creek, Florida,
        including all buildings, appurtenances, and improvements thereon, more fully
        described in a Warranty Deed recorded on November 3, 2003, with the Broward
        County Registry of Deeds, book 36354, page 498 (the "Coconut Creek
        Property").

6.      This Court shall retain jurisdiction in the case for the purpose of enforcing this

Order.

/s/ Timothy S. Hillman

TIMOTHY S. HILLMAN
United States District Judge

Dated:   6/14/18

9