UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)<br>JAMES MERRILL,   )<br>    Defendant_____)<br>)<br>FABIO WANZELER,   )<br>    Claimant_____) | Criminal No. 14-40028-TSH |

## SETTLEMENT AGREEMENT

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts ("United States"), and claimant Fabio Wanzeler (the "Claimant") and his wife, Claudia Wanzeler, and Stephen Darr, Bankruptcy Trustee for the Estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. pending in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") in jointly administered cases Case No. 14-40987 et al. (the "Chapter 11 Trustee" and, collectively, the "Parties"), set forth the following:

**The Criminal Forfeiture Action**

WHEREAS, on September 8, 2016, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count First Superseding Indictment charging James Merrill and Carlos Wanzeler, with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Nine); and Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957(a) and 2 (Counts Ten through Seventeen);

WHEREAS, the First Superseding Indictment contained a Forfeiture Allegation, which gave the defendants notice that the United States sought forfeiture, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses charged in Counts One through Nine of the First Superseding Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, in addition, the First Superseding Indictment contained a Money Laundering Forfeiture Allegation, which gave the defendants notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), upon conviction of one or more of the offenses alleged in Counts Ten through Seventeen of the First Superseding Indictment, of any property, real or personal, involved in the offenses, and any property traceable to such property;

WHEREAS, on October 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant James Merrill ("Merrill") pled guilty to Counts One through Nine of the First Superseding Indictment, pursuant to a written plea agreement signed by Merrill on October 24, 2016;[1]

WHEREAS, in Section 8 of the written plea agreement, Merrill agreed to the forfeiture of the assets listed in Exhibit A to the plea agreement, which included the following two real properties:

1. the real property located at 4506 San Mellina Drive, Coconut Creek, Florida, including all buildings, appurtenances, and improvements thereon, more fully described in a Special Warranty Deed, recorded on December 3, 2013, with the Broward County Registry of Deeds, book 50374, page 223 (the "San Mellina Drive Property");

2. the real property located at 10556 Cape Delabra Ct., Boynton Beach, Florida, described as Lot 271, Trails at Canyon – Plat Four, according to the plat thereof, as recorded in Plat Book 115, at Page 1, of the public records of Palm Beach County, Florida, more fully described in a Warranty Deed recorded on February 27, 2014, with the Palm Beach County Registry of Deeds, Book 26635, Page 1345 (the "Cape Delabra Property");

---

[1] The United States agreed to dismiss Counts Ten through Seventeen of the First Superseding Indictment following the Court's imposition of Merrill's sentence.

2

WHEREAS, in addition, Merrill admitted that the assets listed in Exhibit A to the plea agreement, including the San Mellina Drive Property and the Cape Delabra Property, are subject to forfeiture on the grounds that they are property, real or personal, that constituted, or were derived from, proceeds traceable to the commission of the offenses charged in Counts One through Nine of the First Superseding Indictment, and Merrill consented to the entry of an order of forfeiture against such property;

WHEREAS, on March 21, 2017, the United States filed an Assented-To Motion for Preliminary Order of Forfeiture seeking forfeiture of numerous assets, including the San Mellina Drive Property and the Cape Delabra Property;

WHEREAS, on March 22, 2017, the Court granted the Motion for Preliminary Order of Forfeiture;

WHEREAS, on March 22, 2017, the Court sentenced Merrill to 72 months imprisonment and three years' supervised release;

WHEREAS, on July 11, 2017, the Court entered a Restitution Order against Merrill, which provided that based upon the complexity and volume of restitution payments to victims in this case, the Chapter 11 Trustee in the related Chapter 11 cases for the TelexFree entities shall administer and pay restitution to victims (the "Restitution Order");

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on May 16, 2017, and ending on June 14, 2017, and also beginning on June 16, 2017, and ending on July 15, 2017;

WHEREAS, on July 25, 2017, Fabio Wanzler filed verified claims asserting an interest in the San Mellina Drive Property and the Cape Delabra Property;

WHEREAS, as of this date, no other party has filed a petition claiming an interest in the San Mellina Drive Property or the Cape Delabra Property, and the time within which to do so has expired;

**The Adversary Proceeding in the TelexFree Bankruptcy**

WHEREAS, the Chapter 11 Trustee has asserted that Claimant was a net winner in the Ponzi scheme operated by the TelexFree entities in the approximate amount of $630,000;

WHEREAS, the Chapter 11 Trustee commenced a class action against all net winners located in the United States in adversary proceeding number 16-4006 pending in the Bankruptcy Court (the "Class Action");

WHEREAS, the Claimant is also a defendant in adversary proceeding number 16-4032 commenced by the Chapter 11 Trustee in the Bankruptcy Court (the "Insider Action" and, together with the Class Action, the "Adversary Proceedings");

WHEREAS, the Parties desire to reach a full and final settlement regarding the San Mellina Drive Property and the Cape Delabra Property and the Adversary Proceeding;

WHEREAS, the Parties acknowledge that this Settlement Agreement does not constitute an admission by Claimant or Claudia Wanzeler of any facts or liability or wrongdoing, and Claimant and Claudia Wanzeler assert that they are innocent owners or, or bona fide purchasers for value of, the San Mellina Drive Property and the Cape Delabra Property.

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1. Upon execution by the Parties, this Settlement Agreement ("Agreement") shall be filed with the United States District Court for the District of Massachusetts (the "District Court"). The District Court and the Bankruptcy Court shall retain jurisdiction to enforce the

4

provisions of this Agreement.

2. Upon execution of the Settlement Agreement by the Parties, the United States shall file an assented-to motion to modify the restraining order entered against the San Mellina Drive Property and the Cape Delabra Property to allow the following:

   a. Fabio and Claudia Wanzeler shall execute a deed transferring ownership of the San Mellina Drive Property to the Chapter 11 Trustee; and

   b. Fabio and Claudia Wanzler shall obtain a mortgage against the Cape Delabra Property for a net payment by the lender of $250,000, which funds shall be paid to the Chapter 11 Trustee, in lieu of forfeiture of the Cape Delabra Property.

3. The United States shall also execute a release of the *lis pendens* against the Cape Delabra Property and shall provide the original of the release of *lis pendens* to Fabio and Claudia Wanzeler at the closing of any mortgage against the Cape Delabra Property, as contemplated in Paragraph 2.b above.

4. Upon modification of the Restraining Order, the Chapter 11 Trustee shall file a motion in the Adversary Proceedings requesting that the Court approve a compromise of the claims asserted against Fabio Wanzeler in the Adversary Proceedings on the terms outlined in this Settlement Agreement.

5. If the Bankruptcy Court denies the motion described in Paragraph 4 above, this Settlement Agreement shall be null and void.

6. If the Bankruptcy Court grants the motion described in Paragraph 4 above, then within 30 days after the date of the Bankruptcy Court's order granting the motion, Fabio and Claudia Wanzeler shall:

   a. Execute and deliver to the Chapter 11 Trustee the deed attached hereto as

Exhibit 1, transferring ownership of the San Mellina Drive Property to the Chapter 11 Trustee for sale;

    b.    Release and waive any right, claim, interest, or exemption in the San Mellina Drive Property.

    c.    Vacate the San Mellina Drive Property and turn possession of the San Mellina Drive Property over to the Chapter 11 Trustee within ten days of Bankruptcy Court approval of this Settlement Agreement (the "Vacancy Date"), leaving the property undamaged and free of personal effects, and shall cause any other party to vacate the property. On and after the Vacancy Date, the Chapter 11 Trustee may take any and all actions required to market and sell the San Mellina Drive Property for the benefit of the TelexFree estates. In the event that Fabio and Claudia Wanzeler or another may fail to timely vacate the property, the Chapter 11 Trustee may take all steps reasonably required to remove the occupants, and Fabio and Claudia Wanzeler shall be liable to the Chapter 11 Trustee for the costs and expenses associated therewith, including attorneys' fees;

    d.    Pay the sum of $250,000 to the Chapter 11 Trustee in lieu of forfeiture of the Cape Delabra Property, or in the event that Fabio and Claudia Wanzeler are unable to make payment of $250,000 within 30 days (or by such later time as agreed to by all Parties, in writing), Fabio and Claudia Wanzeler agree that the United States shall (i) forfeit the Cape Delabra Property, (ii) liquidate the Cape Delabra Property, (iii) retain from the net proceeds of the sale a total of $250,000, and (iv) return any remaining net sale proceeds to Fabio and Claudia Wanzeler less any debt owed to the United States or any agency of the United States, or any debt that the United States is authorized to collect from Fabio and Claudia Wanzeler.

7.    If the Bankruptcy Court grants the motion described in Paragraph 4 above, then

the United States shall:

    a. Upon execution of the deed by Fabio and Claudia Wanzeler transferring ownership of the San Mellina Drive Property to the Chapter 11 Trustee, file a motion with the District Court to vacate the Preliminary Order of Forfeiture as to the San Mellina Drive Property;

    b. Upon execution of the deed by Fabio and Claudia Wanzeler transferring ownership of the San Mellina Drive Property to the Chapter 11 Trustee provide the Chapter 11 Trustee a release of *lis pendens* against the San Mellina Drive Property;

    c. Upon payment of the $250,000 by Fabio and Claudia Wanzeler to the Chapter 11 Trustee, file a notice with the District Court that in lieu of forfeiture of the Cape Delabra Property, $250,000 has been paid to the Chapter 11 Trustee toward restitution in this criminal matter, and shall further request that the District Court vacate the Preliminary Order of Forfeiture as to the Cape Delabra Property;

    d. Upon failure of Fabio and Claudia Wanzeler to make payment of $250,000 to the United States in accordance with the terms of this Settlement Agreement, file a motion with the District Court for a final order of forfeiture for the Cape Delabra Property, which further orders the United States to (i) liquidate the Cape Delabra Property, (ii) retain from the net proceeds of the sale a total of $250,000, and (iii) return any remaining net sale proceeds to Fabio and Claudia Wanzeler less any debt owed to the United States or any agency of the United States, or any debt that the United States is authorized to collect from Fabio and Claudia Wanzeler.

8. If the Bankruptcy Court grants the motion described in Paragraph 4 above, then the Chapter 11 Trustee shall:

    a. Record the executed deed transferring ownership of the San Mellina Drive

Property to the Chapter 11 Trustee, and record the release of *lis pendens* executed by the United States as to the San Mellina Drive Property;

  b. Liquidate the San Mellina Drive Property, and utilize all net proceeds from the sale of the property to pay allowed administrative expenses of the Trustee and his professionals and to pay the allowed claims of victims;

  c. After receipt of the $250,000 payment in lieu of forfeiture of the Cape Delabra Property, pay the funds to victims in accordance with the terms of the Restitution Order entered in the above-captioned criminal case.

  9. The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all claims arising out of the forfeiture proceeding as to the San Mellina Drive Property and the Cape Delabra Property, and out of the claims asserted against Fabio Wanzler in the Adversary Proceedings.

  10. Fabio and Claudia Wanzeler unconditionally release, indemnify, and hold harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney=s Office and Department of Homeland Security, including Homeland Security Investigations, as well as any state, county, or local law enforcement agencies whose personnel assisted in the forfeiture proceedings against the San Mellina Drive Property and the Cape Delabra Property, from any and all claims, demands, damages, causes of actions or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure, restraint, and forfeiture proceedings against the San Mellina Drive Property and the Cape Delabra Property or the provisions of the instant Agreement.

  11. Fabio and Claudia Wanzeler unconditionally release and waive any claims they

8

may have against the Chapter 11 Trustee or the bankruptcy estates of TelexFree.

12. Fabio and Claudia Wanzeler unconditionally release, indemnity, and hold harmless the Chapter 11 Trustee and his agents, employees, and representatives, both past and present, from any and all claims, demands, damages, causes of actions or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the San Mellina Drive Property and the Cape Delabra Property or the provisions of the instant Agreement.

13. All rights of appeal are hereby waived by the Parties. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorneys' fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this forfeiture action.

14. Fabio and Claudia Wanzeler agree that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt owed to the United States by them.

15. Claimant hereby acknowledges that he is, and has been, represented by competent counsel in connection with the negotiation of this Agreement, that the provisions of this Agreement and the legal effects thereof have been explained to him, and that he is entering into this Agreement freely and voluntarily, without coercion, duress, or undue influence.

16. Claudia Wanzeler acknowledges that she understands the provisions of this Agreement and the legal effects thereof, and that she is entering into this Agreement freely and voluntarily, without coercion, duress, or undue influence.

17. This agreement may be executed in any number of counterparts, each of which

when executed and delivered shall constitute a duplicate original, but all counterparts together shall constitute a single agreement.

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE OF
TELEXFREE, LLC,
TELEXFREE, INC., TELEXFREE
FINANCIAL, INC.,

By counsel:

_____
HAROLD B. MURPHY (BBO #362610)
ANDREW G. LIZOTTE (BBO #559609)
Murphy & King, P.C.
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: 10/22/18


ANDREW E. LELLING,
United States Attorney,

By: _____
MARY B. MURRANE, BBO #644448
mary.murrane@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: 10/23/18


FABIO WANZELER,
individually,

_____ Fabio Wanzeler

Dated: 10/18/18


FABIO WANZELER,
by his attorney,

_____
GEOFFREY G. NATHAN
Nathan Law Offices
132 Boylston Street
5th Floor
Boston, MA 02116
617-472-5775

Dated: 10-15-18


CLAUDIA WANZELER,
individually,

_____

10.18.2018

11