FILED
IN CLERK'S OFFICE

2020 MAR 20  AM 10: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

JAMES M. MERRILL

    PETITIONER

v.

UNITED STATES OF AMERICA

    RESPONDENT                        Case #14-CR-40028-TSA

MOTION FOR REDUCTION OF SENTENCE

PURSUANT TO AMENDED 18 U.S.C.§ 3582

IINTRODCUTION

    Now comes James M. Merrill, the" Petitioner" in the above captioned matter, respectfully asking that this court grants him compassionate release based on his mother's extraordinary medical condition, the impact prolonged incarceration has had and continues to have on his daughter, the financial difficulties faced by his family, [and any others] as set out in detail in this memorandum.

    Mr. Merrill, states that his prison rehabilitation and his deteriorating family situation is not only extraordinary but compelling.

    The effect on the victims and the amount of loss are not as significant as previously determined by the court. Although any loss is

-1-

improper, he is asking that this court considers the current situation as a whole and make a determination if his current situation and his rehabilitation still warrants the sentence imposed by this court, which he is now serving.

**WAIVER**

Mr. Merrill's understanding is that he could not have waived his right to file a motion with the District Court for a reduction of sentence, pursuant to 18 U.S.C.§ 3582, because at the time he signed his plea agreement which mentions a waiver of his rights to file a motion pursuant to §3582, only the Director of the Bureau of Prisons could have filed a motion on the prisoner's behalf. Even so, his waiver could not have been voluntary, knowing nor intelligently made, so he ask that the court makes a determination as to whether his waiver is effective and if the court decides that the waiver is effective then he will voluntary withdraw this motion.

**FACTUAL BACKGROUND**

On or around April of 2014, Mr. Merrill was indicted by a grand jury sitting in the District of Massachusetts.

On October 24, 2020, Mr. Merrill pled guilty to counts of the superseding indictment.

On March 22, 2017, Mr. Merrill was sentenced to seventy two months of incarceration.

On February 24, 2020 Mr. Merrill filed a request with the Warden of the institution where he is imprisoned, asking that the Warden files a motion on his behalf for a reduction of his sentence.Exhibit 1

As of the filing of this motion 30 days has lapsed and the Warden

at FPC Devens has not responded to Mr. Merrill's request.

REDUCTION OF SENTENCE STANDARDS

A court's ability to modify a sentence after it has been imposed is extremely limited. One way a court may modify a sentence is through "compassionate release" as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the First Step Act (FSA). See Pub. L. No. 115-391, § 603. In the past, 18 U.S.C. § 3582 (c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon motion of the Director of Bureau of Prisons (BOP). The FSA modified § 3582 (c)(1)(A) such that a prisoner may now directly petition the court "after the prisoner has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the prisoners behalf or the lapse of 30 days from the receipt of such a request by the Warden of the institution where he is imprisoned, whichever is earlier.

If a prisoner exhausts administrative remedies, the court may, upon a motion of the prisoner reduce his sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that :

(i)**extraordinary and compelling** reasons warrant such a reduction.

The starting point in determining what constitutes **"extraordinary and compelling"** reasons under § 3582(c)(1)(A)(i) is the Sentencing guideline discussing compassionate release issued by the United States Sentencing Commisson. See U.S.S.G. § 1B1.13

The statute does not define the term "extraordinary and compelling.

"A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." <u>Perrin v. United States,</u> 444 U.S. 37, 42, 100 S. Ct. 311, 62 L. Ed. 2d 199(1979); see also <u>Smith v. United States</u>, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L Ed. 2d 138 (1993) ("when a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."). Because the Bureau of Prisons (BOP) has been, until the First Step Act, solely authorized to move the court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the BOP's interpretation of <u>**"extraordinary and compelling"**</u> reasons is informative. The Bureau of prisons Program Statement entitled "Compassionate Release/Reduction of Sentence" Procedures for implementation of 18 .U.S.C. §§ 3582 [(c)(1)(A)] and 4205(g)" describes, in relevant part, other reasons as determined by the prisoner. Program 5050.50 (Jan. 17, 2019).

"Although not dispositive, dictionary definitions are 'Valuable tools for 'approximating the sense in which a linguistic community uses and understands a word and for conforming that an understanding taken as ordinary is not, in fact idiosyncratic." <u>Struniak v. Lynch</u>, 159 F. Supp. 3d 643, 653 n. 11 (E.D. Va. 2016). Black's law Dictionary defines "extraordinary" as [b]eyond what is usual, customary, regular, or common." Extraordinary, <u>Black's Law Dictionary</u> (11th ed. 2019). Although it does not define "compelling" , Black's Law Dictionary defines "compelling need" as one "so great that irreparable harm or injustice would result if it is not met.

Also instructive is the United States Sentencing Commission's

interpretation of **extraordinary and compelling**" circumstances although the relevant sentencing guideline and its commentary apply to § 3582(c)(1)(A) prior to the FSA and have not been amended. United States Sentencing Commission Guidelines' commentary note 1 to § 1B1.13 provides circumstances in which **extraordinary and compelling** reasons exist. Subdivision D acknowledges that there may be other situations which constitutes **extraordinary and compelling** reasons and provides a non-specific blanket reason. See **United States v. Marshall** LEXIS 3616 at 5 (D. Kentucky 2020). Therefor the FSA created an independent avenue for defendants to seek relief from the Federal Courts.

However this court has failed to recognize that the sentencing guidelines policy statement USSG § 1B1.13 no longer requires that the Director of the BOP files a motion requesting that the prisoners sentence be reduced, the discretion is left entirely up to the District Court. See **United States v. Cantu**, LEXIS 100923(S.D Tex. 2019) @4 ([T]he policy statement provision that was previously applicable to 18 U.S.C § 3582 (c)(1)(A) no longer fits with the statute and that and thus does not comply with congressional mandate that the policy statement must provide guidance on appropriate use of sentence-modification purposes under 3582.

Extraordinary and Compelling reasons:

Indeed, the situation with my elderly mother, who is 94 years old is extraordinary and compelling. Prior to coming to prison Mr. Merrill was one of the primary caregivers, him being there gave his mother a calming effect, which minimized the severity and effect of her early onset of Alzheimer's and Dementia. There is a significant strain on his other

siblings who have tried to replace him, by taking turns caring for his mother and as a result she has been unable to attend church as often as she would like, because Mr. Merrill who is now incarcerated was responsible for ensuring that she attended service.

The strain on his immediate family does not end with his household, his in-laws are also elderly and his father in-law, who is 90 years old also has Dementia as well as numerous heart complications and his mother in-law who is 88 years suffers from several autoimmune disorders.

The issue with his in-laws adds additional strain on his wife, who is already challenged by the overwhelming effect of his incarceration on her and the children. Moreover, her parents lives in Wisconsin, in the middle of the country, which makes it even more trying and challenging for him to watch from the sidelines.

These reasons combined with the other reasons below is "extraordinary and compelling", because the loss amount used to calculate his Sentencing Guideline Range has been reduced significantly and he is asking the court whether he would have gotten the same sentence if the court had the present loss amount before it. Although, the Sentencing Guidelines Manual are advisory, courts usually start with the guidleines calculation, before calculating the final sentence.See **United States v. Hughes** U.S. 138 S. Ct 1765,1776 (U.S.2018)."Indeed the guidelines are the starting point for every federal sentencing calculation in the federal system"See also **Molina-Martinez v. United States**, 136 S. Ct. 1338, 194 ll Ed. 2d 444, 454 (2016)"The court has made clear that the guidelines are to be the Sentencing court's starting point and initial benchmark", "Although " an incorrect [GSR]" is often independently "sufficient to show a reasonable

probability of a different outcome absent the erro" <u>United States v. Hudson,</u> 823, F. 3d 11, 19 (1st Cir. 2016)

Additionally Mr. Merrill is also asking that the court considers his rehabilitation while in prison, which he has ovewhelmingly demonstrated. <u>United States v. Sotelo</u> LEXIS 135051 (E.D. PA 2019) Even if an "Extraordinary and Compelling reason reasonably could have been know or anticipated by the Sentencing Court, [that fact] does not preclude consideration for a [Sentence] reduction".

18 U.S.C. § 3553(a) Factors.

Mr. Merrill has not had any incident report since he has been incarcerated. Mr. Merrill has been working since he turned himself in to begin serving his term of imprisonment. He is very appreciative, due to the fact that he is working at the Power House where he multi tasks, wearing many hats, and he has developed transferrable skills.

As the water and treatment analyst, he is resposnible for testing the water that enters the boiler and is converted into steam to provide heating for the prison hospital population. He is also responsible for maintaining the equipment(s). Additionally, he is also responsible for measuring the PH conductivity level, polymer counts, sulfite levels and alkalinity levels. In regards to other responsibilities he takes readings from the domestic and city water and natural gas meters and the fuel readings used for the emergency generators etc. Such a task requires a trustworthy and responsible individual one who is reliable like him, who works 7 days a week 365 days a year.

In prison he starts his day with spiritual enrichment, daily

devotional reading of different scriptures and learning to apply the knowledge he obtains from his readings to his life so that he can successfully reintegrate into the community.

Mr. Merrill has a very vulnerable family, his daughter has received daily intensive outpatient counselling at a program at Leonard Morse hospital in Natick. Although she has somewhat improved, she needed the treatment because of the anxiety and depression brought on by the significant impact of her father's incarceration has had on the family and on her personally.

There is also a need to provide support to his wife, who is barely making ends meet to maintain the mortgage on the family home and to feed and support the family. This in itself is more than a sentence to see his family suffer. In addition, his elderly mother, who is 94 years old and has Alzheimer's and dimentia, also needs Mr. Merrill's assistance with her care, helping his brother and sister. See **United States v. Bucci** LEXIS 178308 (D.Mass 2019), finiding that Mr. Bucci could obtain compassioante release based on the need to take care of his elderly ailing mother, and that the sentencing guidelines points to some specific examples, which are not exclusive to obtaining relief.

It goes without saying that Mr. Merrill has learned from his poor judgement in the business venture which led to this prison sentence. He now understands the consequences of making poor judgement(s), and the impact those judgement(s) have had on his family and the victims of this case. He has rehabilitated himself by participating in many programs in prison, and reuniting with his faith. When he is released from prison he will immediately begin working, using the skills and knowledge he has

acquired to start supporting his family and paying back society. "It goes without saying that he is remorseful. See **Pepper v. United States** 562 U.S. 476 131 S. Ct.(2011)"evidence of post sentencing rehabilitation may be highly relevant to several of the 3553(a) factors that Congress has expressively instructed District courts to consider at sentencing". Upon release from prison Mr.Merrill will live with his wife and children at 1 Coburn Dr. Ashland, MA 01721.

DANGEROUSNESS

Mr. Merrill does not pose a danger to any other person in the community, he has strong family ties and the crimes for which he was charged are not a crime of violence. He has taken the time to reflect on his decision to get involved with TelexFree and he has learned a valuable lesson. Prior to being charged with the instant offense and getting involved with TelexFree, he ran his own cleaning company and supported his family on the income he earned. Additionally, he is at a prison camp, where there are no fences he is allowed to walk to work which is about a 1/4 of a mile away and he has had no incident, as such Mr. Merrill is not dangerous.

RELIEF REQUESTED

Mr. Merrill ask that this court grants him the relief he has requested.


Respectfully Submitted,

*[signature]*

James M. Merrill

Federal Medical Center, Devens MA

PO Box 879
Ayer MA, 01432
March 25, 2020

Certificate of Service

I James Merrill certify that on March 25, 2020 I mailed a copy of this motion by First Class Mail, United States Postal Service to the clerk of courts for filing and the government will be notified electronically.


Respectfully Submitted,

*[signature]*

James M. Merrill
March 25, 202