FILED
IN CLERKS OFFICE

2021 MAR -8 PM 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | CRIMINAL NO. 4:14-cr-40028-TSH |
| v. ) | February 25, 2021 |
| JAMES MERRILL ) | |

### AMICUS BRIEF IN SUPPORT OF MOTION TO RECONSIDER COMPASSIONATE RELEASE FOR JAMES MERRILL

TO THE HONORABLE JUDGE TIMOTHY HILLMAN, MAY IT PLEASE THE COURT:

**PRELIMINARY STATEMENT**

This Amicus Brief is in support of Petitioner James Merrill's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) of the First Step Act. I worked for Jim at the Powerhouse when I was at FMC Devens, and he and I were in the same Bible study group. I am shocked that Jim has not already been released by the Unit Manager at FMC Devens. I was released pursuant to the CARES Act because of my age, but Jim is actually closer to his release date now (May 28, 2022) than I was when I was released. Moreover, Jim is turning 60 this year, so the moment he turns 60 he will be eligible for release as an elderly offender, so clearly he is eligible for the 18 months provided for in the 25% provision of the CARES Act, and he has certainly served more than 50% of his sentence.

Because Jim was sentenced to 72 months, he is also entitled to 7 months of Home Confinement as guaranteed by §3624(g), and everyone is entitled to 12 months of Halfway House pursuant to §3624(c). Therefore, by any standard, Jim is late to the door pursuant to §3582(c)(1)(B) as well as §3582(c)(1)(A) and the clear message of Attorney General Barr's memo of April 2020

1

to release prisoners because of the COVID-19 Pandemic. Obviously, this is a big mistake because he is not only the finest man I met in prison, he is also one of the finest people I have ever met.

I certainly do not believe Jim was guilty of the crime that he was accused of, but more importantly, even if he was, it is much better for Society to have Jim home with his family than wasting his time at the Powerhouse at FMC Devens. When I was at FMC Devens and had to get permission for a visit, the CO for the Powerhouse told me to run it by Jim if I ever had an issue. The reason I mention this is because not only did all the CO's trust Jim, he was also a natural leader of the inmates at the Camp at FMC Devens. If someone had a problem, Jim was always the first person to help. I never saw him raise a hand or say a mean word to anyone, which is very rare in prison. I truly believe he is an exceptional person that should be home with his family, and he has served more than enough time to justify any sentence reduction pursuant to §3553. He certainly meets the 50% of his sentence served pursuant to the CARES Act, and is obviously within 18 months of release. This Court should order Jim's immediate release upon reading this Brief.

Obviously, Jim has not received the Halfway House time he deserves despite the fact that he has a great work ethic and helps everyone. As far as I could tell, unlike anyone else, Jim was on call 24/7 and never once grumbled about the fact that other people would get out of work or go on sick call and make up excuses while he would always be there to help the CO's. Your Honor should order Jim's immediate release as Judge Nathan did in *United States v. Scparta*, 2020 WL 1910481 (S.D.N.Y. Apr. 20, 2020). I mention this case because Judge Nathan called the conditions of being in a Lockdown and the actions taken by the BOP in response to the COVID-19 Pandemic "Kafkaesque":

> "The Government also revealed that, despite express authority from the Attorney General to do so, the BOP has not and will not consider permitting Mr. Scparta to self-quarantine in his residence for 14 days. Given this dangerous set of conditions and **Kafkaesque approach**, Mr. Scparta presses the Court to grant his still pending motion for

2

compassionate release and order him immediately released on conditions that include a 14-day period of self-isolation in his home. Without any hesitation, the Court concludes that Mr. Scparta is entitled to compassionate release... As Justice Frankfurter warned: "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters*, 335 U.S. 595, 600 (1949)." *Id.* at *1 (emphasis added).

I am also going to include with this Brief Judge Gorton's formula from *United States v. Macfarlane*, 438 F.Supp.3d 125 (D.Mass. Apr. 14, 2020), because since the time I was there, conditions have only gotten worse. I would ask you use Judge Gorton's formula that each week in Lockdown is equal to a month in a Camp. I would also ask you to order Jim's immediate release just as Judge Nathan ordered the immediate release of the petitioner in *Scparta*, because Your Honor has the ability to do so pursuant to §3582(c)(1)(A) and 28 U.S.C. §2243.

Once again, the BOP has established that there is no difference between being at a Camp, a Halfway House, or on Home Confinement, so Jim is undoubtedly entitled to be sent to Home Confinement now. *See, e.g.,* PS5321.08, written by BOP Director Kathleen Hawk Sawyer over 20 years ago: "A CCC [Halfway House] meets the definition of a penal or correctional facility pursuant to 18 U.S.C. §3621(b)." Perhaps the best description that Home Confinement is still "imprisonment" under the BOP's custody is Judge Ponsor's famous decision in *Iacoboni v. United States*, 251 F.Supp.2d 1015 (D. Mass. 2003):

> Indeed, the notion of "imprisonment" clearly encompasses conditions of confinement substantially less restrictive than community confinement. For example, §3624(c) authorizes the BOP to "assure that a prisoner serving a *term of imprisonment*" is given the opportunity to serve as much as six months of the final portion "*of the term*" in home confinement. *Id.* (emphasis supplied). In other words, Congress has recognized that an offender may serve a portion of a "term of imprisonment" while living at home, full time. As the Supreme Court recognized in *Koray*, the critical litmus is whether offenders "always remain subject to the control of the Bureau." *Reno v. Koray*, 515 U.S. 50, 63 (1995). Offenders imprisoned in community confinement are subject to BOP control. They are, as Chief Justice Rehnquist noted, "subject to BOP's disciplinary procedures; they are subject to summary reassignment to any other penal or correctional facility within the system, and, being in the legal custody of BOP, the Bureau has full discretion to control many conditions of their confinement." *Id.* BOP control is the touchstone of "imprisonment," and the BOP exercises complete control over all offenders placed in community corrections. They are

3

imprisoned. Finally, the argument that the BOP, in exercising its Congressionally-bestowed discretion to designate as the "place of the prisoner's imprisonment...any available penal or correctional facility," §3621(b), is, in effect, *failing* to "imprison" the offender when it designates him or her to a community corrections facility simply ignores §3551, which can only be read to include community confinement as a form of imprisonment, the last category of the three "authorized sentences." Thus, as a matter of law, and a matter of common sense, **the argument that community confinement is not a form of imprisonment will not wash.** *Id.* at 1029 (emphasis added).

Therefore, I would respectfully submit that Jim should be immediately released under the CARES Act to Home Confinement, or immediately release based on Judge Gorton's calculus in *Macfarlane*.

## I.   LEGAL STANDARD

"A district court may grant a motion for reconsideration if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *See United States v. Ortiz*, 741 F.3d 288, 292 n.2 (1st Cir. 2014); *United States v. Cintron*, 724 F.3d 32, 36 n.5 (1st Cir. 2013). *See, also, United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). "[W]hen reconsideration of an earlier ruling is requested, the district court should place great emphasis on the interests of justice." *United States v. Roberts*, 978 F.2d 12, 21 (1st Cir. 1992). "This is so...because such requests for reconsideration rely, in the last analysis, on the trial court's inherent power to afford relief from interlocutory decisions as justice requires." *Id.* "When faced with a motion for reconsideration, district courts should apply an interests-of-justice test." *United States v. Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009).

Moreover, most courts have long recognized the "inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). It seems beyond peradventure that those inherent powers of the

court must include a judge's power to reconsider his own decisions in the interests of justice and when if the facts of a given situation have changed as in this case.

### I. JUDGE GORTON'S CALCULATION IN *MACFARLANE*

In *United States v. Macfarlane*, 438 F.Supp.3d 125 (D.Mass. Apr. 14, 2020), Judge Gorton recognized the traditional standard that if a prisoner who was assigned to a Camp ended up being sent to a higher security prison or experienced a lockdown, then each week served in the maximum security facility was equal to a month in the camp facility. Therefore, under Judge Gorton's calculations in *Macfarlane*, Jim should have as much as 36 months taken off of his sentence and supervised release based on the ratio of one week of being under lockdown being equal to one month off an inmate's sentence. *See Macfarlane* at 127 ("…the Court determines that Macfarlane's two-week confinement in solitary quarantine in a higher security facility *is the equivalent* of two months in the Camp to which he was originally assigned.").

Now that Jim has served the majority of his sentence, there is no reason to keep him at FMC Devens, where the conditions have been exacerbated by the COVID-19 Pandemic and the BOP's lack of preventative measures. It is clear from *Macfarlane* that it is up to this Court to deliver the remedy given by Judge Gorton using the formula of one week equaling one month and release Jim immediately.

## II. JAMES IS ENTITLED TO AT LEAST 12 MONTHS OF EARNED TIME CREDITS UNDER THE FIRST STEP ACT

Additionally, the First Step Act ("FSA"), which was enacted in December 2018, provided that all prisoners would receive 10 days of Earned Time Credits, and those in a Camp or lower security facility with less of a chance of recidivism would receive an additional 5 days for a total of 15 days per month to be taken off their sentence or the period of Supervised Release. Because of Jim's status of having the one of the lowest PATTERN scores of anyone at FMC Devens, as well as his impeccable work ethic, he is clearly entitled to 12 months off his sentence. Jim should be entitled to 15 days a month from January 2019 to January 2021 for a total of 13 Months off of his sentence. Once again, the BOP has established that there is no difference between being at a Camp, a Halfway House, or on Home Confinement, so Jim is undoubtedly entitled at least 13 months of Earned Time Credits.

If this Court were to credit Jim with the 13 months of Earned Time Credits under the First Step Act in addition to the 7 months of Home Confinement guaranteed by §3624(g) and Judge Gorton's calculations in *Macfarlane*, he should be sent home immediately.

## CONCLUSION

Jim deserves the same considerations as the defendant in *Macfarlane*. I respectfully ask the Court to consider Jim's soon-to-be status as an Elderly Offender that has served more than two-thirds of his sentence, as well as serving more than 50% of his sentence under the CARES Act, and is certainly within 18 months of release considering the 12 months of Earned Time Credits under the First Step Act in addition to the 7 months of Home Confinement guaranteed by §3624(g) and also Judge Gorton's calculation under *Macfarlane*. Therefore, I would respectfully ask that the Court reconsider Jim's Motion for Compassionate Release and order his immediate release from FMC Devens as Judge Nathan did in *Scparta*.

Respectfully submitted,

/s/ Gideon Hope
Gideon Hope
Prisoner of Hope Foundation, Inc.
35 Tower Lane
Avon, CT 06001